■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. IRIZARRY, Appellant. [670 NYS2d 133] —Judgment unanimously reversed on the law and *Huntley* hearing and new trial granted. Memorandum: Defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) for stabbing a prostitute to death. Prior to the trial in this case, defendant was tried and convicted in Oneida County of an unrelated charge of assaulting a prostitute. The court in Oneida County held a *Huntley* hearing on two oral statements given by defendant. Herkimer County Court summarily denied defendant's request for a pretrial *Huntley* hearing in this case on the ground of collateral estoppel based upon the *Huntley* hearing held in Oneida County. That was error. Although the doctrine of collateral estoppel applies in criminal cases, "in the criminal context 'it cannot be applied in quite the same way as in civil cases'" (*People v Aguilera*, 82 NY2d 23, 29, quoting *People v Plevy*, 52 NY2d 58, 65). A ruling denying the motion of defendant to suppress his statement after a *Huntley* hearing in the Oneida County case should not be given collateral estoppel effect to bar consideration of all *Huntley* issues in the subsequent Herkimer County case because the requisite identity of issues was lacking (*see, People v Aguilera, supra,* at 31-32).

In addition, the court erred in precluding defendant's psychiatric expert from rendering an opinion concerning defendant's sanity. The defense at trial was that defendant lacked criminal responsibility by reason of mental disease or defect (*see,* Penal Law § 40.15). According to defendant, a voice commanded him to kill the victim to stop the spread of AIDS. Defendant had been examined by Dr. Adolfo Brane, a psychiatrist, in August 1992 in connection with defendant's involuntary commitment to the psychiatric ward at St. Luke's Hospital. At trial, the court would not permit Dr. Brane to render an opinion concerning defendant's sanity on the ground that he had not interviewed defendant "in connection with the legal insanity defenses." Although Dr. Brane had not examined defendant concerning this incident, he had examined defendant some 10

days before it occurred, when defendant was involuntarily committed to a mental hospital. In addition, Dr. Brane testified that his opinion concerning defendant's sanity was based on facts in evidence, including the videotaped interview of defendant by Dr. Barton, the People's expert witness, as well as police and medical reports that were in evidence. Thus, the court erred in precluding Dr. Brane from rendering an opinion concerning defendant's sanity (*see,* CPL 60.55 [1]; *People v Stone,* 35 NY2d 69, 76). Dr. Brane had a sufficient understanding of the statutory insanity defense in New York to permit him to render an opinion. The exclusion of Dr. Brane's testimony cannot be considered harmless (*see, People v Crimmins,* 36 NY2d 230, 242) because, without the opinion of Dr. Brane, the jury was left to choose between the expert opinion of Dr. Lesswing, a clinical psychologist who testified for the defense, and Dr. Barton, a physician and licensed psychiatrist who testified for the People. We therefore reverse the judgment of conviction and grant defendant a *Huntley* hearing and a new trial. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.